without such communication the election of appropriation is not conclusive. *Reiss v. Scherner*, 87 Ill.App. 84 (1900).

The trial court's decision was palpably contrary to the evidence and its decision must be reversed and the case remanded. The plaintiff's claim for possession was predicated on its claim that the percentage rentals were overdue and since we have determined that the percentage rental account was not delinquent the trial court's order of possession must be reversed. The defendants' contention that there was no franchise fees due to which the amount of the defendants' rebate checks could be applied and that the law in Illinois regarding the application of payments between a creditor and debtor requires that the amount of the rebate checks be credited to the percentage rental account is dispositive of the case and we, therefore, deem it unnecessary to decide the other issue raised by the defendants. For the reasons herein stated, the judgment of the Circuit Court of Cook County is reversed and the case remanded for entry of judgment in favor of defendants.

Reversed and remanded.

BURMAN and JOHNSON, JJ., concur.

---

THE PEOPLE *ex rel.* DONALD WRIGHT, Petitioner-Appellant, *v.* JOHN J. TWOMEY, Warden, Illinois State Penitentiary at Joliet, Respondent-Appellee.

(No. 58892;

First District (4th Division)—January 23, 1974.

Opinion by Mr. JUSTICE BURMAN.

James J. Doherty, Public Defender, of Chicago (Richard A. Kavitt, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Assistant State's Attorney, of counsel), for appellee.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL GUYON, Defendant-Appellant.

(No. 59236;

First District (4th Division)—January 23, 1974.